1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10                         ----oo0oo----

11   DAMON MAURO and JOHN PAIKAI,
     On Behalf Of Themselves And
12   All Others Similarly Situated,
                                          NO. CIV. S-07-892 FCD GGH
13           Plaintiffs,

14      v.                                MEMORANDUM AND ORDER

15   GENERAL MOTORS CORPORATION,

16           Defendant.

17                         ----oo0oo----

18       This matter is before the court on General Motors

19   Corporation's ("defendant") motion to dismiss John Paikai's

20   ("plaintiff")[1] first amended complaint pursuant to Federal Rule

21   of Civil Procedure 12(b)(6).[2]  Defendant asserts that plaintiff's

22   complaint fails to state a claim upon which relief can be granted

23   because Florida law prohibits the requested relief.  Defendant

24   also argues the class claims fail as a matter of law because 1)

25   _____

26       [1]    Plaintiff Damon Mauro was dismissed by the parties
     pursuant to a stipulation filed April 28, 2008.
27
         [2]    All further references to a "Rule" are to the Federal
28   Rules of Civil Procedure.

                                 1

the proposed class is not ascertainable and 2) the claims are
unsuitable for class treatment because not all class members have
valid claims.  (Def.'s Mem. of P. & A., filed May 2, 2008 ("MTD")
at 1-2.)  Plaintiff opposes the motion or, in the alternative,
seeks leave to amend his complaint.

For the reasons set forth below, defendant's motion to
dismiss plaintiff's first amended complaint is GRANTED in part
and DENIED in part.  Plaintiff is granted leave to amend as set
forth below.[3]

**BACKGROUND**

Plaintiff's claims arise from the following alleged facts:
The tires on 2004, 2005, and 2006 Pontiac GTOs are "prone to
failure because the suspension system and alignment settings (and
specifically the camber settings) are improperly designed,
assembled, and/or installed, causing, inter alia, uneven and
premature tire wear and failure, as well as causing the inside
front tires to graze the struts during normal operation and use."
(Pl.'s First Am. Compl., filed April 03, 2008 ("FAC") ¶ 2.)  The
subject GTOs were built by defendant, General Motors Corporation
("GM"), on the same platform as Australia's Holden Monaro
("Monaro"), which is manufactured by the GM subsidiary GM Holden
Limited.  (Id. ¶ 3.)  The Monaros were equipped with 235 mm wide
tires mounted on 17" wheels.  (Id.)  However, the vehicles at
issue were equipped with 245 mm wide tires mounted on 17" wheels
when sold as GTOs within the United States.  (Id.)

---

[3]   Because oral argument will not be of material
assistance, the court orders this matter submitted on the briefs.
E.D. Cal. L.R. 78-230(h).

2

On September 20, 2005, plaintiff purchased a new 2005 Pontiac GTO from Allen J. Pontiac ("Allen"), an authorized Pontiac GTO dealer in Seebring, Florida, through a written sales contract.  (Id. ¶ 4.)  Plaintiff's GTO came with standard 17" wheels and BF Goodrich tires.  (Id. ¶ 7.)  On April 20, 2006, plaintiff took his GTO to Yarbrough Tire ("Yarbrough") in Lake Placid, Florida in response to finding his tires significantly worn after 12,003 miles.  (Id. ¶ 8.)  Yarbrough determined that the tires needed replacement.  (Id.)  Plaintiff paid Yarbrough $1895.14 for four new wheels and tires.  (Id.)

Plaintiff took his GTO to Allen in October 2007, because he thought it was pulling to the left.  (Id. ¶ 9.)  Allen realigned the vehicle, explaining that the alignment, specifically the camber, was out of specification.  (Id.)  Later, on December 17, 2007, plaintiff returned to Yarbrough to purchase four new tires due to inner shoulder wear, despite having used the tires for only 20,369 miles and rotating them according to schedule.  (Id. ¶ 10.)  The tires cost $568.13.  (Id.)

Defendant provided plaintiff and each owner and lessee of the subject vehicles with a 3 year, 36,000 mile bumper-to-bumper factory warranty.  (Id. ¶ 11.)

Plaintiff filed the instant action on November 15, 2007 on behalf of himself and all others similarly situated.  Plaintiff asserted class action claims for:  1) violations of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. section 501.201 et seq.; 2) breach of warranty; and 3) unjust enrichment.  Plaintiff filed a first amended complaint on April 3, 2008, modifying certain factual allegations but asserting the

3

same causes of action against defendant.  Defendant now moves to dismiss plaintiff's first amended complaint for failure to state a claim upon which relief can be granted.[4]

### STANDARD

On a motion to dismiss, the allegations of the complaint must be accepted as true.  Cruz v. Beto, 405 U.S. 319, 322 (1972).  The court is bound to give plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint.  Retail Clerks Int'l Ass'n v. Schermerhorn, 373 U.S. 746, 753 n.6 (1963).  Thus, the plaintiff need not necessarily plead a particular fact if that fact is a reasonable inference from facts properly alleged.  See id.

Nevertheless, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged."  Associated Gen. Contractors of Calif., Inc. v. Calif. State Council of Carpenters, 459 U.S. 519, 526 (1983).  Moreover, the court "need not assume the truth of legal conclusions cast in the form of factual allegations."  United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986).

Ultimately, the court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007).  Only where a plaintiff has

---

[4]     Pursuant to the parties' joint motion, this case was consolidated with O'Connor v. General Motors Corp., Civ. S-07-892 FCD/GGH because of their common issues of fact.  (Consolidated Case Order, filed May 19, 2008.)

1  not "nudged [his or her] claims across the line from conceivable
2  to plausible," is the complaint properly dismissed.  Id.  "[A]
3  court may dismiss a complaint only if it is clear that no relief
4  could be granted under any set of facts that could be proved
5  consistent with the allegations."  Swierkiewicz v. Sorema N.A.,
6  534 U.S. 506, 514 (2002) (quoting Hudson v. King & Spalding, 467
7  U.S. 69, 73 (1984)).

8      In ruling upon a motion to dismiss, the court may consider
9  only the complaint, any exhibits thereto, and matters which may
10  be judicially noticed pursuant to Federal Rule of Evidence 201.
11  See Mir v. Little Co. Of Mary Hospital, 844 F.2d 646, 649 (9th
12  Cir. 1988); Isuzu Motors Ltd. v. Consumers Union of United
13  States, Inc., 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998).

**ANALYSIS**

15     Preliminarily, the court must decide what law applies in
16  this case.  In arguing their positions on the motion, the parties
17  dispute whether Florida or California law is applicable.  For
18  example, defendant moves to dismiss, arguing all of plaintiff's
19  claims fail under Florida law.  Plaintiff responds that his
20  claims are sustainable, at times citing California law but at
21  other times relying on Florida law.  Ultimately, this dispute
22  exists because the complaint does not clearly establish what law
23  applies to the individual claims.  While the complaint is brought
24  by a Florida resident and cites the FDUTPA, plaintiff does not
25  allege facts establishing that Florida law applies via contract
26  or otherwise.  Therefore, before reaching the merits of the
27  substantive causes of action, the court must consider the issue
28  of the applicable law.

5

1   This case was brought pursuant to federal diversity

2   jurisdiction.  (FAC ¶ 17.)  When exercising diversity

3   jurisdiction, a federal district court must apply federal

4   procedural law and the substantive law of the forum state, which

5   includes the choice-of-law rules of that state.  Erie v.

6   Tompkins, 304 U.S. 64 (1938); Patton v. Cox, 276 F.3d 493, 495

7   (9th Cir. 2002) (citing Klaxon Co. v. Stentor Electric Mfg. Co.,

8   313 U.S. 487, 496 (1941)).  Accordingly, to determine the

9   sufficiency of the complaint, the court must apply the pleading

10  requirements of the Federal Rules of Civil Procedure and

11  California substantive law to each cause of action.  If there is

12  a choice-of-law question, the court must follow the law which

13  California would apply in that circumstance.

14   In certain circumstances, California's choice-of-law rules

15  require a court to apply the law of another jurisdiction.  The

16  first situation occurs when the parties have incorporated a

17  choice-of-law clause in their express agreement.  California

18  courts will generally follow the law specified in the clause.

19  Nedlloyd Lines B.V. v. Superior Court, 3 Cal.4th 459, 464 (1992)

20  (citing Smith, Valentino & Smith, Inc., v. Superior Court, 17

21  Cal.3d 491, 495-96 (1976)).[5]

22   The second situation occurs when no formal choice-of-law

23  selection has been made, but a non-resident proponent has invoked

24  the law of another jurisdiction.  Once the foreign law has been

25

26   [5]   There are circumstances where California law may trump
    a contractual choice-of-law provision.  Nedlloyd, 3 Cal. 4th at
27  465-66.  However, since neither party has alleged that a choice-
    of-law clause governs this case, the court does not consider
28  herein those exceptions.

invoked, California follows a three-step "governmental interest analysis" to address conflict-of-law claims.  Wash. Mut. Bank v. Superior Court, 24 Cal.4th 906, 919 (2001).  For the first step, the proponent must identify the applicable law of the proposed state and show that it materially differs from California law. Id.  If differences exist, the second step is to "determine what interest, if any, each state has in having its own law applied to the case."  Id. (citation omitted).  If multiple states have an interest, the third step is to "select the law of the state whose interests would be 'more impaired' if its law were not applied." Id. (citation omitted).

Here, neither party has alleged that a choice-of-law clause exists in the subject contract.  Nor has either party addressed California's "governmental interest analysis" to establish that a foreign state's law should be applied. Thus, having brought this action in this court under federal diversity jurisdiction, the court must apply, as the default, the substantive law of California to all claims.[6]

### 1. **Class Certification**

The court first considers defendant's challenges to the class action allegations.  If the class allegations fail, diversity jurisdiction will be destroyed because plaintiff's individual claims do not meet the $75,000 threshold.  (FAC ¶¶ 8,

---

[6]    The court makes this finding for purposes of resolving the instant motion.  However, plaintiff is granted leave to amend to allege facts supporting application of Florida law.  Defendant may thereafter reassert its claim that Florida law precludes plaintiff's claims.  Nonetheless, the court notes that its decision herein would likely remain the same under Florida law, as it is akin to California law in the respects related to this motion.

10.)  As a result, the court would not have subject matter

jurisdiction over this action.  28 U.S.C. § 1332(a).

Plaintiff alleges the following class pursuant to Federal

Rule of Civil Procedure 23:

> All current and former owners and lessees of model
> year 2004, 2005 and 2006 Pontiac GTOs purchased or
> leased in the State of Florida (the "Class").

(FAC ¶ 19.)  "Excluded from the Class definition are officers and

employees of GM, its subsidiaries and its dealers, anyone

sustaining injuries as a result of the defect alleged herein, as

well as any judge to whom the action is assigned."  (Id.)

Rule 23(a) sets forth four prerequisites necessary to state

a class action claim.  Plaintiff must allege facts demonstrating:

(1) "numerous" affected persons; (2) "common questions" of law

and fact; (3) that the named representative's claim is "typical"

of the class; and (4) that the class is "adequately" represented.

See Rutledge v. Electric Hose & Rubber Co., 511 F.2d 668, 673

(9th Cir. 1975).

Once the prerequisites enumerated in Rule 23(a) are

satisfied, at least one of the requirements of Rule 23(b) must be

met.  Amchem Prods. v. Windsor, 521 U.S. 591, 614 (1997).  A class

action brought pursuant to Rule 23(b)(3), like plaintiff's action

here, requires that (1) "questions of law or fact common to the

members of the class predominate over any questions affecting

individual members;" and (2) that the class action device is

superior to other available methods for fair and efficient

adjudication of the controversy.  Id.; see also Valentino v.

Carter-Wallace, Inc., 97 F.3d 1227, 1234 (9th Cir. 1996).

1    Plaintiff's complaint alleges facts establishing all of Rule

2  23's requirements.  (FAC ¶¶ 19-25.)  Yet, defendant contends that

3  the class should be dismissed because it is: a) not sufficiently

4  ascertainable, b) flawed since it includes members who could not

5  individually bring suit, and c) is "inherently problematic."[7]

6  (MTD at 8-11.)

7    **a. Ascertainable Class**

8    Defendant contends that the class is impossible to identify.

9  (Id. at 9.)  A class is sufficiently defined if it is

10 "administratively feasible for the court to determine whether a

11 particular individual is a member." O'Connor v. Boeing N. Am.,

12 Inc., 184 F.R.D. 311, 319 (C.D. Cal. 1998); see also Buford v.

13 H&R Block, 168 F.R.D. 340, 347 (S.D. Ga. 1996) ("[T]he

14 description of the class must be sufficiently definite to enable

15 the court to determine if a particular individual is a member of

16 the proposed class") (quoting Pottinger v. Miami, 720 F.Supp.

17 955, 957 (S.D. Fla. 1989)).  However, "not all class members need

18 to be ascertained prior to class certification."  Heffelfinger v.

19 Elec. Data Sys. Corp., No. 07-00101, 2008 U.S. Dist. LEXIS 5296,

20 at *54 (9th Cir. Jan. 7, 2008); see O'Connor, 168 F.R.D. at 319.

21 "It is sufficient if they are ascertainable 'at some point during

22 the case.'" Heffelfinger, 2008 U.S. Dist. LEXIS 5296, at *54

23 (quoting Fainbrun v. Sw. Credit Sys., 246 F.R.D. 128, 133

24 (E.D.N.Y. 2007)).

25

26        [7]    Notably, defendant did not challenge the virtually
   identical class claims in the consolidated O'Connor case.
27 Rather, defendant answered that complaint.  The only difference
   in the class definitions is the inclusion of 2006 GTO models in
28 the present case.

9

Plaintiff's class definition specifically identifies the make, model, and years of specific owners and lessees, while excluding certain individuals. (FAC ¶ 19.) Plaintiff further alleges that defendant either maintains or has access to records that can identify each class member. (Id. ¶ 21.) While defendant contends that sales or transfers may make class identification impossible, the court disagrees. Sales records, public filings, and other means are potentially available to identify a finite number of class members. Taken in the light most favorable to the plaintiff, the class is sufficiently ascertainable from the pleaded facts, and thus, defendant's motion to dismiss on this issue is DENIED.

**b. Flawed Class**

Defendant contends the class is fundamentally flawed since it includes members who cannot individually bring suit because they were not harmed. (MTD at 9.) This includes:

1. Persons who purchased a GTO and never had any problem with the tires;
2. Persons who first experienced any tire problems with their GTO after the expiration of the warranty;
3. Persons who never sought any warranty repair from GM for tire wear;
4. Persons who sought and received warranty repairs for tire wear;
5. Persons who purchased a GTO but no longer own or use the vehicle and who did not experience any problem with the tires prior to disposing of the vehicle.

(Id. at 10).

Defendant's argument only relates to the breach of express warranty claim, yet defendant contends that if this claim is insufficient, class certification for *all* claims is improper and

*all* class claims should be dismissed.[8]  (Id.)  The court

disagrees.  Defendant has not demonstrated that the class claims

for unjust enrichment and unfair competition are prone to the

same flaws.  Indeed, those claims are not subject to the same

contractual restrictions as the breach of express warranty claim

and, therefore, would not exclude the same class members.  As

such, dismissal of all class claims because of one allegedly

deficient claim is not appropriate.  Defendant's motion to

dismiss all class claims on the grounds of a flawed class

relating to one claim is DENIED.

However, defendant is correct that the class claim for

breach of express warranty is insufficient.  As set forth below,

the substantive allegations are deficient and/or the class is too

broad.  See Discussion infra at Part IV.  Accordingly, for the

reasons set forth below, as to the specific class allegations for

breach of express warranty, defendant's motion to dismiss is

GRANTED.

### c. Inherent Class Problems

Defendant contends that the class allegations for the breach

of express warranty claim should be dismissed because individual

issues will predominate over common issues of fact.  (MTD at 11.)

Defendant asserts that the difficulty of demonstrating that each

class member has met the specific requirements of the warranty

---

[8]    The cases defendant cited to support class dismissal
are distinguishable from the present case.  They either deal with
instances where the plaintiff lacked standing to represent the
class, or where no one had been injured.  See (MTD at 9.)  Here,
the complaint alleges actual injuries to plaintiff and other
class members.  (FAC ¶¶ 7-13.)

must be dealt with on an individual basis.  (MTD at 11.)  Since the court has already determined that the class claim for this cause of action is insufficient, it need not reach this alternative argument for dismissal of the claim. Notwithstanding, the court notes that this argument is more appropriately raised at the class certification stage.  In re Wal-Mart Stores, Inc., 505 F. Supp. 2d 609, 615 (N.D. Cal. 2007) (stating that courts have made it clear that "dismissal of class allegations at the pleading stage should be done rarely and that the better course is to deny such a motion because 'the shape and form of a class action evolves only through the process of discovery.'") (citations omitted).

**2. <u>Unjust Enrichment</u>**

Defendant asserts that "there is no claim of unjust enrichment under Florida law when a valid contract governs the transaction."  (MTD at 2, 7.)  However, the court considers defendant's contention under California law, having determined it to be the applicable law for this case.

Defendant's argument is untenable. Under California law, plaintiff may alternatively plead breach of contract and unjust enrichment claims.[9]  See, e.g., Huskinson & Brown v. Wolf, 32 Cal.4th 453 (2004) (plaintiff law firm maintained cause of action for breach of contract, unjust enrichment, and quantum meruit); Snowney v. Harrah's Entm't, Inc., 35 Cal.4th 1054 (2005) (plaintiff hotel guest maintained unfair competition, breach of

_____

[9]     This is consistent with Federal Rule of Civil Procedure 8(d), which allows alternate and inconsistent claims in pleadings.

12

1   contract, unjust enrichment, and false advertising class claims).

2   Thus, while ultimately plaintiff may not recover damages under

3   both theories, that a valid contract may exist between the

4   parties is no bar to *pleading*, in the alternative, a claim of

5   unjust enrichment.

6       Finally, the court notes for clarification that there is no

7   cause of action in California for "unjust enrichment." <u>Melchior</u>

8   <u>v. New Line Prods., Inc.</u>, 106 Cal. App. 4th 779, 793 (2003).

9   Rather, it is "a general principle, underlying various legal

10  doctrines and remedies." <u>Id.</u> (citation omitted). "It is

11  synonymous with restitution." <u>Id.</u> (citation omitted).

12  Nevertheless, mislabeling a cause of action is not fatal to the

13  complaint, so long as the necessary facts of that claim are

14  properly pled. <u>See, e.g.</u>, <u>Mazur v. Ebay Inc.</u>, 2008 U.S. Dist.

15  LEXIS 16561 at *42 (N.D. Cal. Mar. 4, 2008) ("[P]utting substance

16  over form, this court holds that plaintiff may validly seek

17  restitution damages independent of how it is labeled."); <u>Dorr v.</u>

18  <u>Yahoo! Inc.</u>, 2007 U.S. Dist. LEXIS 59126 (N.D. Cal. July 30,

19  2007) (denying a motion to dismiss a mislabeled unjust enrichment

20  claim). Therefore, the court considers plaintiff's complaint in

21  general to determine if an appropriate cause of action can be

22  ascertained from the alleged facts which would give rise to a

23  restitutionary remedy.

24      Quasi-contract, implied warranty of merchantability, and

25  various torts are all examples of claims supported by a cursory

26  review of the complaint's factual allegations. <u>See</u> (FAC ¶¶ 2-

27  12); 1 Witkin, <u>Summary of Cal. Law </u>(10th ed. 2005) Contracts, §§

28  1015, 1016, at 1104-1105 (stating that unjust enrichment is a

basis for obtaining restitution based on quasi-contract).  As

such, the court finds that plaintiff has sufficiently pled a

cause of action which would support damages based on a theory of

unjust enrichment.  Accordingly, defendant's motion to dismiss

this claim is DENIED.

### 3. **FDUTPA Violations**

Defendant moves to dismiss the FDUTPA claim because of

insufficient facts alleging "deception."  (MTD at 7-8.)  As the

court finds that California law applies, it considers this claim

under the California Business and Professions Code section 17200

*et seq.*, commonly known as the Unfair Competition Law ("UCL"),

which is California's equivalent to FDUTPA.  The UCL states that

"unfair competition shall mean and include any unlawful, unfair

or fraudulent business act or practice and unfair, deceptive,

untrue or misleading advertising."  Cal. Bus. & Prof. Code §

17200 (Deering 2008).

Under the "fraud prong" of the UCL, actual deception is not

necessary.  Buller v. Sutter Health, 160 Cal. App. 4th 981, 987

(2008) ("A violation can be shown even if no one was actually

deceived, relied upon the fraudulent practice, or sustained any

damage.").  Plaintiff only needs to show "that members of the

public are likely deceived."  Id.  Moreover, even California

courts, under their stricter pleading requirements, hesitate to

dismiss UCL claims on demurrer.  Williams v. Gerber Prods. Co.,

523 F.3d 934, 939 (9th Cir. 2008) ("Whether a practice is

deceptive, fraudulent, or unfair is generally a question of fact

which requires 'consideration and weighing of evidence from both

sides' and which usually cannot be made on demurrer.") (quoting

14

<u>McKell v. Washington Mutual, Inc.</u>, 142 Cal. App. 4th 1457, 1472 (2006)).   Nevertheless, the seemingly minimal standard for pleading a UCL violation does have a lower limit.   <u>See</u> <u>Berryman v. Merit Prop. Mgmt., Inc.</u>, 152 Cal. App. 4th 1544, 1557 (2007) ("Absent a duty to disclose, the failure to do so does not support a claim under the fraudulent prong of the UCL."); <u>Bardin v. DaimlerChrysler Corp.</u>, 136 Cal. App. 4th 1255, 1275 (2006) (finding that to be deceived about an alleged automobile defect, "members of the public must have had an expectation or an assumption" about the materials used in manufacturing the vehicle).

As stated previously, the federal pleading standards do not require that all facts be plead; facts may be reasonably inferred from other facts properly alleged in the complaint.   <u>See</u> Discussion <u>supra</u> pp. 4-5.   However, in support of this claim, plaintiff simply alleges that GM's conduct was "likely to mislead consumers."   (FAC ¶ 29.)   No additional facts are alleged in the complaint to substantiate this assertion.   Thus, it is difficult to infer from the complaint how or why class members were likely to be misled or under what knowledge and obligation GM was operating.   Plaintiff's allegation is more a recitation of a legal requirement than a statement of fact, which is insufficient to allege a viable claim.   (FAC ¶ 29.)   Because the court must not assume plaintiff can prove facts or causes of action he has not alleged, the unfair competition claim is insufficient. <u>Associated</u>, 459 U.S. 519, 526 (1983).   Accordingly, defendant's motion to dismiss this claim is GRANTED.

### 4. **Breach of Express Warranty**

Finally, defendant moves to dismiss the breach of express warranty claim, asserting that plaintiff and class members have not alleged they met the warranty requirements that would have placed an obligation to repair on GM. (MTD at 5-6.) Specifically, defendant contends the complaint fails to allege that plaintiff and each class member 1) presented their automobile to a GM dealership for repair; 2) were refused service; and 3) the dealership was given reasonable time to perform the repairs. (Id.) Defendant asserts these conditions are required by the terms of the warranty. (MTD Part A, Exhibit A.)

Traditional contract law applies to the breach of express warranty claim.[10] Daugherty v. American Honda Motor Co., Inc., 144 Cal. App. 4th 824, 830 (2006) ("The law governing express warranties is clear. A warranty is a contractual promise.") To properly plead the elements of a breach of express warranty claim in California, "one must allege the exact terms of the warranty, plaintiff's reasonable reliance thereon, and a breach of that warranty which proximately causes plaintiff injury." Williams v. Beechnut Nutrition Corp., 185 Cal. App. 3d 135, 142 (1986). While the more liberal federal pleading rules do not require such specific allegations, the facts alleged must at least demonstrate that plaintiff can prove a "plausible" cause of action for breach of express warranty. Twombly, 127 S.Ct. at 1974; Associated, 459

---

[10]   Neither party has pled that any California statute governs, or relates to, the breach of express warranty cause of action.

1 U.S. at 526.

2   Here, the complaint alleges that plaintiff took his GTO to a
3 "Pontiac dealership because he thought it was pulling to the
4 left." (FAC ¶ 9.) He alleges that he needed replacement tires
5 within two months of the realignment. (<u>Id.</u> ¶ 10.) He also
6 alleges the mileage of his vehicle was less than 36,000 miles and
7 he request the repairs within three years of purchase. <u>See</u> (<u>Id.</u>
8 ¶¶ 9-10.) The warranty states that, "[t]o obtain warranty
9 repairs, take the vehicle to a Pontiac dealer facility within the
10 warranty period and request the needed repairs. A reasonable
11 time must be allowed for the dealer to perform necessary
12 repairs." (MTD at 3.) Drawing all reasonable inferences from
13 these facts, plaintiff has adequately alleged that he met the
14 warranty requirements, and that defendant failed to meet its duty
15 of repair.

16   Defendant argues, nonetheless, that these allegations
17 suggest plaintiff is trying to recover under a warranty
18 guaranteeing the performance or quality of the suspension, tires,
19 and alignment. (Def.'s Reply to Opp'n, filed May 30, 2008
20 ("Reply") at 2.) Defendant contends no such performance was
21 provided. (<u>Id.</u>) The court disagrees with defendant's
22 interpretation of the complaint. Plaintiff alleges tire and
23 alignment problems due to the "improperly designed, assembled,
24 and/or installed suspension system and alignment settings." (FAC
25 ¶¶ 7, 12.) The allegations relate to defendant's failure to
26 *repair* and *replace* items under the warranty, not its failure to
27 ensure overall performance and quality of the vehicle. (<u>Id.</u>)
28 Alleging that the defects were covered under the warranty,

17

1  plaintiff cites the warranty which provides, "any vehicle defect

2  related to materials or workmanship" will be covered. (<u>Id.</u>)  The

3  word "any" is broad enough to include the alleged defects.

4  Whether or not they are actually included is to be determined at

5  a later stage.  For pleading purposes, however, it is sufficient

6  that plaintiff alleged the subject defects are covered under the

7  warranty provided by GM.  Therefore, plaintiff's individual claim

8  for breach of express warranty is sufficiently pled in the

9  complaint.

10       Defendant also contends that a class claim for breach of

11  express warranty is inappropriate because not all class members

12  have satisfied the necessary conditions that would enable them to

13  bring individual claims.  (MTD at 5.)  It is a prerequisite to

14  the duty of repair under an express warranty that a defect

15  manifest itself.  <u>Daugherty</u>, 144 Cal. App. 4th at 831 (rejecting

16  recovery under an express warranty when automobile owners did not

17  experience problems within the warranty limits).  Courts that

18  have held otherwise have "apparently confused concepts of express

19  and implied warranty."[11]  <u>Id.</u> (citations omitted).

20       Here, the complaint's sole allegation that ties all class

21  members to the breach of express warranty claim is the following:

22  "plaintiffs have performed each and every duty required of them

23  under the terms of the warranties, except as may have been

24  excused or prevented . . . ."  (FAC ¶ 39.)  With no other facts

25  relating to any actions by or towards the class members, the

26

27       [11]   The cases plaintiff cites to show that defects do not
    need to be discovered or manifested to recover damages are

28  distinguishable.  They are based on breach of *implied* warranties.

allegation is, once again, more akin to a statement of a legal
requirement than a factual allegation.  Also, plaintiff
contradicts the allegation, in his opposition, by indicating that
many class members have *not* experienced issues from the defect or
presented their vehicles to an authorized dealer for repair.
(Opp'n at 16.)  Moreover, it appears implausible that all class
members are still within the 3 year, 36,000 mile constraints of
the warranty.  Presumably, some 2005 models were sold as early as
2004, in which case the 3 year warranty could have expired in
2007.  It is also likely that some class members have exceeded
the 36,000 mile limit.  Those class members would not have
actionable breach of express warranty claims.  See Daugherty, 144
Cal. App. 4th at 831.  The complaint's present class allegations
as to this claim are therefore deficient, and defendant's motion
to dismiss this cause of action is GRANTED.

   **5. Leave to Amend**

     Plaintiff requested leave to amend his first amended
complaint in the event the court found any of the causes of
action deficient.  (Opp'n at 20.)  Federal Rule of Civil
Procedure 15(a) states that "[t]he court should freely give leave
when justice so requires."  In his opposition, plaintiff sets
forth additional facts which support the class claims.  For
example, plaintiff states that GM knew about the defects prior to
selling the subject vehicles, concealed the defects from the
public, received numerous complaints and has refused to correct
the defects.  (Id. at 2.)  Plaintiff also alleges that consumers
have been denied warranty coverage and/or have been charged for
repairs relating to the warranty.  (Id. at 5.)  Finally,

plaintiff asserts that defendant's conduct has been uniformly directed to other class members. (Id. at 6.)  These additional facts, among others, may bolster and sufficiently correct the deficiencies identified herein.  Accordingly, the court grants leave to amend the first amended complaint.

**CONCLUSION**

Based on the foregoing analysis, the court makes the following orders:

    1.    Defendant's motion to dismiss is:

        (A)    DENIED in part and GRANTED in part as to the sufficiency of the class allegations;

        (B)    GRANTED as to the FDUTPA claim, construed as a UCL claim under California law;

        (C)    DENIED as to the unjust enrichment claim;

        (D)    GRANTED as to the breach of express warranty claim with respect to the class allegations, but DENIED as to plaintiff's individual claim.

    2.    Plaintiff's motion to amend his first amended complaint is GRANTED.

    IT IS SO ORDERED

DATED: July 14, 2008

FRANK C. DAMRELL, Jr.
UNITED STATES DISTRICT JUDGE